United States Courts
Southern District of Texas
FILED

FEB 07 2013

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CR. NO. **1 3 CR 7 5** |
| v. | § § | |
| | § | 18 U.S.C. §1343 |
| BRIAN ANTHONY BJORK | § | |

# CRIMINAL INFORMATION

THE U.S. ATTORNEY CHARGES:

## COUNT ONE
### (Wire Fraud - 18 U.S.C. § 1343)

**A. INTRODUCTION**

At all times material to this Information:

1. **BRIAN ANTHONY BJORK**, defendant herein, was a registered investment advisor residing in Houston, Texas, who also served as Treasurer of a non-profit organization known as the Houston Athletics Foundation ("HAF").

2. Joel David Salinas, presently deceased, was an individual residing in Friendswood, Texas, who held himself out to be engaged in the financial planning and services industry. Salinas represented to existing and potential investors that he generated income for himself and others by, among other things, owning and operating pawn shops, investing in the stock market and by purportedly purchasing

1

and selling large quantities of corporate bonds. Salinas conducted business as an individual as well as under various corporate names, including but not limited to, J. David Group of Companies, J. David Financial Group and Select Asset Management.

3. From in or about 1995 to 2006, **BJORK** worked as an investment advisor at the J. David Group of Companies and J. David Financial Group. **BJORK** was employed as Select Asset Management's Chief Executive Officer from 2006 until the United States District Court for the Southern District of Texas placed the business into receivership in August 2011. **BJORK** served as HAF's Treasurer from at least February 2004 through August 2011.

## B.  THE SCHEME AND ARTIFICE TO DEFRAUD

4. Beginning in or about September 2004, and continuing thereafter until August 2011, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

**BRIAN ANTHONY BJORK,**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud, and to obtain money by means of false pretenses, representations and promises by soliciting and obtaining funds from individuals and entities under the false pretense that he would invest those funds in a particular manner and then instead fraudulently converting those funds to support his own lifestyle and to pay prior investors.

2

## C.   MANNER AND MEANS OF THE SCHEME TO DEFRAUD

It was a part of the scheme to defraud that:

5.   **BJORK** would and did open Bank of America account # xxx-0605 under the name Brian A. Bjork dba: J David Financial Group, an account for which **BJORK** was the sole signatory.

6.   **BJORK** would and did directly solicit and obtain funds from certain individuals, purportedly for investments in Salinas's pawn shops, when in truth and in fact, **BJORK** ultimately did not seek to invest in Salinas's pawn shops and instead placed the funds in Bank of America account # xxx-0605 and used them to support his own lifestyle and to pay prior investors (the "Bjork Pawn Shop Scam").

7.   **BJORK** would and did directly solicit and obtain funds from certain individuals and entities, purportedly for investments in Salinas's corporate bond program, when in truth and in fact **BJORK** ultimately did not attempt to purchase any bonds and instead placed the funds in Bank of America account # xxx-0605 and used them to support his own lifestyle and to pay prior investors (the "Bjork Bond Scam").

8.   **BJORK** would and did create and provide fraudulent account statements to the individuals and entities from which he obtained funds which falsely represented that **BJORK** had made certain pawn shop investments or purchased certain corporate bonds when in fact he had not.

9. **BJORK** would and did make these misrepresentations and would and did fraudulently obtain funds from investors in the manner and approximate amounts set forth below:

|      | Investor | Scheme | Amount |
|------|----------|--------|--------|
| i.   | HAF      | Bjork Bond Scam      | $550,000 |
| ii.  | L.W.     | Bjork Bond Scam      | $400,000 |
| iii. | F.A      | Bjork Pawn Shop Scam | $150,000 |
| iv.  | G.B.     | Bjork Pawn Shop Scam | $100,000 |
| v.   | B.J./N.J.| Bjork Bond Scam      | $80,000  |
| vi.  | P.W.     | Bjork Bond Scam      | $80,000  |
| vii. | B.F.     | Bjork Pawn Shop Scam | $50,000  |
| viii.| T.L./E.L.| Bjork Bond Scam      | $22,000  |
| ix.  | D.S.     | Bjork Pawn Shop Scam | $1,000   |
|      |          | **Total Fraud Amount:** | **$1,433,000** |

E. **EXECUTION OF THE SCHEME TO DEFRAUD**

10. On or about the date set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**BRIAN ANTHONY BJORK,**

for the purpose of executing the aforementioned scheme to defraud, did knowingly and willfully transmit and cause to be transmitted in interstate commerce by means of wire communication, certain electronic signs, signals and sounds as follows:

| Count | Date | Interstate Wire | Scheme |
|---|---|---|---|
| 1 | 11/17/10 | Email from **BJORK** to L.W. falsely indicating that on 11/1/10 **BJORK** had purchased $250,000 worth of corporate bonds on L.W.'s behalf. | Bjork Bond Scam: Purported purchase of Morgan Stanley, Lincoln National, General Electric and Auto Zone bonds |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. §981(a)(1)(C))

11. Pursuant to Title 28, United States Code, Section 2461 (c), and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice that the defendant,

**BRIAN ANTHONY BJORK,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343, as charged in the wire fraud scheme alleged in Count One of the Information, which includes, but is not limited to $1,433,000 in United States dollars.

### MONEY JUDGMENT

12. The United States gives notice to the defendant that upon his conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

13. In the event that any of the property subject to forfeiture as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c).

KENNETH MAGIDSON
United States Attorney

BY: _____
Jason Varnado
Assistant U. S. Attorney
(713) 567-9617